UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

PAUL SCHRAM,                                   CASE NO. C-1-02-241
    PLAINTIFF                                (HOGAN, M.J.)

VS.

SCHWAN'S SALES
ENTERPRISES, INC.,
    DEFENDANT

**ORDER**

       Before the Court are Defendant's Renewed Motion for Judgment as a Matter of Law, to Alter Judgment, and for a New Trial (Doc. 67), Plaintiff's Memorandum Contra Defendant's Renewed Motion for Judgment as a Matter of Law, to Alter Judgment, and for a New Trial (Doc. 69), Plaintiff's Supplemental Memorandum Contra Defendant's Renewed Motion for Judgment as a Matter of Law, to Alter Judgment, and for a New Trial (Doc. 75), Defendant's Reply in Support of Its Renewed Motion for Judgment as a Matter of Law, to Alter Judgment, and for a New Trial (Doc. 77), Plaintiff's Supplemental Memorandum Contra Defendant's Renewed Motion for Judgment as a Matter of Law, to Alter Judgment, and for a New Trial (Doc. 79), and Defendant's Response to Plaintiff's Supplemental Memorandum Contra Defendant's Renewed Motion for Judgment as a Matter of Law (Doc. 80).

       This case was tried to a jury, which rendered a verdict and an award of damages to the Plaintiff.  It is an age-discrimination case.  Plaintiff's employment was terminated in July, 2001. Defendant argues initially that Plaintiff was obligated to file suit within an 180-day period following the negative job action.  Defendant, however, failed to raise this issue in its Answer or in a pre-trial motion.  The Court concluded that failure to raise the issue until a Rule 50 Motion was made during trial constituted a waiver of that defense.  The Court's ruling is the same today. *See Haskell v. Washington Township*, 864 F2d 1277 (6th Cir. 1988).

Defendant's second argument is that the Court should reduce Plaintiff's damage award because Plaintiff failed to mitigate his damages by accepting a demotion from Division Manager to Sales Manager.  However, Plaintiff testified that the Sales Manager had to fill in for route drivers when they were ill or absent, and having previously held the position as a route driver, Plaintiff felt that he did not have the physical strength and agility to perform the job.  The facts were such that a reasonable jury could conclude that Plaintiff attempted to find comparable work, but wasn't able to find a job until he ultimately found work as a sales associate at Sears.  The jury was properly instructed on Plaintiff's obligation to mitigate his loss and Defendant had no objection to the jury instruction as given.  We are not convinced that error occurred relative to Plaintiff's duty to mitigate or the Court's instructions on that subject.

The third and most strenuous argument set forth by Defendant is that Plaintiff, 57 years of age, failed to present evidence of pretext after Defendant presented its rationale for eliminating his Division Manager's position.  Defendant's explanation was that, due to economic pressures, it decided to combine its previous four divisions into three.  Plaintiff's division was the smallest, so his division was the logical one to be eliminated.  Plaintiff says that from pre-resignation discussions with Ron Moffis, another Division Manager, Defendant knew that Moffis was contemplating retirement and might retire in the near future.  Were Moffis to retire, Plaintiff theorized,  he should be put in charge of Moffis' former division, so that he, Paul Dodge and Dan Stillwagon would emerge as the three Division Managers.  Instead, Plaintiff hired  Froman Adler, age 35 years,  as the third Division Manager and offered Plaintiff a demotion to a job he physically could not handle.  Defendant supported its decision by pointing to Plaintiff as the poorest performer, however Plaintiff testified that his retail customers were removed from his routes by Defendant, and that given sufficient time, he could have rebuilt them.

In order to prove a prima facie case of age discrimination, Plaintiff was obligated to present evidence that he was a member of a protected class, that he suffered an adverse job action, that he was qualified to perform the job and that his age was a determining factor in Defendant's decision to terminate him.  *Texas Dept. Of Community Affairs v. Burdine*, 450 U.S. 248 (1981).  Plaintiff presented direct evidence tending to prove the first three elements and circumstantial evidence relative to the final point.  Plaintiff showed that when he was terminated, Regional Manager Danbrook, Plaintiff's superior, knew that Moffis would either retire soon or was waffling on the decision to retire.  Danbrook also knew that if Moffis were to retire, there would

be no need to terminate Plaintiff simply because his division was eliminated.  Instead, Danbrook decided to terminate Plaintiff, age 57 with 20 years experience and ultimately hired Adler, age 35 with 6 years experience as a sales manager.

Defendant did present a nondiscriminatory reason for the action it took, to wit: that Plaintiff's productivity had been sliding.  Then the question became whether Plaintiff presented sufficient evidence to make a factual question whether Defendant's proffered reason did not actually motivate its action.  *Manzer v. Diamond Shamrock Chemicals, Inc.*, 29 F.3d 1078 (6th Cir. 1994).  A reasonable juror could conclude from the evidence presented that after deciding to implement the RIF (referring to Defendant's decision to merge divisions and ultimately eliminate one division), Defendant had no need to terminate Plaintiff because Moffis would likely retire soon.  A reasonable juror could conclude that because of the disparity between the ages of Adler and Plaintiff, that the decision to terminate Plaintiff was motivated by age discrimination, especially since Defendant's removal of the retail outlets from Plaintiff's routes may have been responsible for Plaintiff's slipping performance.

Danbrook's trial testimony on an unrelated point created a credibility question that ultimately could have caused a reasonable juror to question his entire testimony.  Danbrook testified was that the termination meeting took place in a motel lobby and was lengthy and rather pleasant.  Plaintiff testified that the meeting was brief and uncomfortable.  A reasonable juror might well have questioned the accuracy of Danbrook's testimony and as a result, distrusted his unrelated testimony about the motivation behind Plaintiff's termination.

Defendant's Renewed Motion for Judgment as a Matter of Law, to Alter Judgment, and for a New Trial (Doc. 67) is DENIED.

                          s/Timothy S. Hogan

February 27, 2006                        _____
                                                    Timothy S. Hogan
                                                    United States Magistrate Judge

J:\HOGANTS\schwan.wpd